IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15-10176-02-JTM |
| | ) |
| BREAIRA S. BLAND, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant's Motion for Bond Modification (**ECF No. 34**). On April 29, 2016, the Court conducted a hearing to consider any evidence, proffer of evidence, and any arguments by the parties, related to Defendant's motion. The Government appeared by and through David Lind, Assistant United States Attorney. Defendant appeared by and through appointed counsel, Steven Mank. The primary issue before the Court is the substitution of Defendant's grandmother, in place of her sister, as guarantor for Defendant's unsecured bond. After consideration of the motion and arguments from counsel, Defendant's Motion is **DENIED** for the reasons set forth below.

### Background

Breaira Bland is a 22-year-old woman who is charged with five felony counts, primarily involving sex trafficking. Despite her young age, Ms. Bland has an extensive criminal history which includes either arrests or convictions of both misdemeanor and felony offenses of theft, obstruction of legal process, felony fugitive charges, criminal use of weapons, and various traffic

offenses.[1]  The Pretrial Services Report reflects throughout her encounters with the justice system, Ms. Bland has drifted from place to place, and she has failed to appear for in-court appearances as required.[2]  Ms. Bland's history also demonstrates her failure to maintain a stable residence—recently residing in Florida, Texas, and Kansas, states where she had, at the very least, law enforcement contact for offenses of a sexual nature.[3]

On December 8, 2015, she was indicted, along with a co-defendant, on federal sex trafficking charges (ECF No. 1) for alleged conduct that spanned from Kansas to Texas.  She was arrested on December 11 (ECF No. 11).  The Court acknowledges Defendant is presumed innocent.  At her detention hearing on December 18, 2015, Ms. Bland's request for pretrial release was granted largely upon her representation that her sister(s) would sign as a guarantor for her $25,000 unsecured bond.  The Court also imposed certain conditions, including the requirement that she reside at a halfway house and submit to location monitoring in order to reasonably assure her appearance at future court appearances.

As such, Ms. Bland's release was stayed pending the signor(s) as guarantor of the court-ordered $25,000 unsecured bond. (ECF Nos. 18, 19, 22.)  On the day following the detention hearing, instead of either of Ms. Bland's sisters appearing to sign the bond, Ms. Bland's grandmother appeared and indicated she was willing to sign the bond.  The Court refused to permit this informal action as it does not reasonably assure Ms. Bland's appearance in future court proceedings.  Although her grandmother was willing to sign as guarantor, the Court ordered the surety must be one of Defendant's sisters, as offered by defense counsel and affirmed by Defendant during the detention hearing.  To date, Defendant's sisters are unwilling to co-sign

---

[1] Pretrial Services Report (confidential and not filed of record pursuant to 18 U.S.C. 3153(c)(1)).
[2] *Id*.
[3] *Id*.

the bond as guarantor(s) and Defendant remains in custody pending satisfaction of the guarantor condition. (ECF No. 22.)

On April 28, 2016, Ms. Bland filed a motion requesting the guarantor of the bond be modified to allow her grandmother to act as surety in place of her sister(s), despite the Court's earlier refusal of that condition.  (ECF No. 34.)  In support of her request, Defendant proffered evidence that she recently had a new born baby who resides with her grandmother, and the time she has spent detained has caused her to reflect on her life.  As such she is not a flight risk nor does she pose a danger to the community.

### Legal Standard Regarding Pretrial Detention

Under the Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq*., a defendant may be detained pending trial only after a hearing, held pursuant to 18 U.S.C. § 3142(f), and upon a finding "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community" under 18 U.S.C. § 3142(e).  "The rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing,"[4] and the court is free to allow information to be presented by proffer or direct testimony.[5]  The Government bears the burden to demonstrate that no condition or combination of conditions would reasonably assure the defendant's appearance at future hearings and/or the safety of other persons in the community.[6] The government must prove risk of flight by a preponderance of the evidence, and it must prove dangerousness to any other person or to the community by clear and convincing

---

[4] 18 U.S.C. § 3142(f).
[5] *United States v. Watkins*, No. 12-10207-01-EFM, 2012 WL 5877535, at *1 (D. Kan. Nov. 20, 2012) (internal citations omitted).
[6] *United States v. Mendoza-Ortiz*, No. 15-CR-10125-JTM, 2015 WL 6393941, at *1 (D. Kan. Oct. 21, 2015) (citing *United States v. Lutz,* 207 F. Supp. 2d 1247, 1251 (D. Kan.2002)).

evidence.[7] In its evaluation of whether pretrial detention is warranted, the court must consider the statutory factors set forth in 18 U.S.C. § 3142(g), including:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including-
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. §3142(g). The consideration of these factors in light of all the particular circumstances of the case is committed to the court's discretion.[8]

---

[7] *United States v. Russian*, No. 14-CR-10018-EFM, 2014 WL 970066, at *3 (D. Kan. Mar. 12, 2014) (citing *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

[8] *See United States v. Kelley*, No. 08-40011-01-RDR, 2008 WL 821951, at *2 (D. Kan. Mar. 26, 2008) (noting, "A person's criminal history necessarily includes arrests and charges in matters that were never finally adjudicated, but the relative weight of such evidence depends on the circumstances of each case and this determination is committed to the sound discretion of the presiding judge."); see also *United States v. Holmes*, No. 05-40066-01-SAC, 2007 WL 293907, at *1 (D. Kan. Jan. 29, 2007).

**Analysis**

It is important to note, at the initial bond hearing, the Court made specific findings which could reasonably assure Ms. Bland's appearance at future court proceedings.  Although Ms. Bland's grandmother's willingness to serve as surety is noble, her service does not reasonably assure this Court Ms. Bland, should she be released, will appear as required.  Also, despite the Government's lack of opposition to substitution of the grandmother as surety, in place of Defendant's sister, the Court is empowered to examine the security offered for an ordered bond, and must decline to accept the designation of collateral, or in this case the surety, which because of its source, will not reasonably assure the appearance of the person as required.[9]

Ms. Bland presented her grandmother as a possible surety in hearing before this Court on the day following her initial bond hearing.  At that time the Court expressed its concerns regarding Ms. Bland's repeated criminal behavior of a sexual nature, and the fact that Ms. Bland's grandmother was previously unable to deter Ms. Bland from engaging in criminal conduct similar to the allegations in the current offenses.  Also telling is the grandmother's uncertainty whether anyone in the family *would* sign the unsecured bond, and Ms. Bland's sisters' apparent unwillingness to do so.

The Court is also not convinced the recent birth of Ms. Bland's newborn child would reasonably assure her presence at future court appearances as Ms. Bland has at least one other child that did not deter her behavior as indicated by her criminal history, and the Court's consideration of the weight of the evidence describing Ms. Bland's conduct during the events leading up to the current offense.  This Court refuses to impose an ultimate $25,000 debt on Ms. Bland's grandmother knowing Ms. Bland's tendency and quite frankly, her history to drift and

---

[9] 18 U.S.C. § 3142(g)(4).


obstruct legal process. This Court remains willing to permit Ms. Bland's release, but in order to assure her presence at future court proceedings, she has to meet this process half way.

Because the Court finds that the bond modification proposed by Defendant does not convince this Court that her grandmother has any reasonable mechanisms to control Ms. Bland's ability to appear at future hearings as required by 18 U.S.C. § 3142(e), Defendant's motion is denied. The Appearance Bond (ECF No. 19) previously entered remains in effect.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Bond Modification (ECF No. 34) is **DENIED.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, this 5th day of May, 2016.

_____
GWYNNE E. BIRZER
United States Magistrate Judge